IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CANTU | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2026-P |
| | § | |
| STATE OF TEXAS | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Cantu, a federal prisoner, has filed an application for writ of coram nobis challenging two state burglary convictions used to enhance his federal sentence. For the reasons stated herein, the application should be denied.

I.

A federal jury convicted petitioner of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(e). Punishment, enhanced on the basis of two prior state burglary convictions, was assessed at 284 months confinement, followed by a four-year term of supervised release. *United States v. Cantu*, No. 3-07-CR-197-P (N.D. Tex. May 1, 2008). His conviction and sentence were affirmed on direct appeal. *United States v. Cantu*, No. 08-10596, 2009 WL 2029950 (5th Cir. Jul. 14, 2009), *cert. denied*, __ S.Ct. ___ (Nov. 16, 2009) (No. 09-7061). During the pendency of his federal appeal, petitioner filed two state writs of habeas corpus challenging his burglary convictions. Both writs were dismissed because petitioner had fully discharged his sentences in the burglary cases. *Ex parte Cantu*, WR-71,503-01 & WR-71,503-02 (Tex. Crim. App. Feb. 18, 2009). Petitioner now seeks coram nobis relief to set aside his burglary convictions.

II.

The extraordinary remedy of coram nobis may be appropriate when the petitioner is no longer in custody, but "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994), *quoting United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989). *See also United States v. Smith*, 331 U.S. 469, 476 n.4, 67 S.Ct. 1330, 1334 n.4, 91 L.Ed. 1610 (1947) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."). Although petitioner is no longer in custody on his state burglary convictions, a federal district court cannot grant coram nobis relief with respect to a state court judgment. *See Williams v. 363rd Judicial Dist. Court*, No. 3-03-CV-0900-D, 2003 WL 21394575 at *2-3 (N.D. Tex. May 22, 2003), *rec. adopted*, 2003 WL 21445314 (N.D. Tex. Jun. 17, 2003), *quoting Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis[.]").

Nor can petitioner use a writ of coram nobis to attack his federal sentence. First, petitioner is still in custody as a result of his federal conviction, thereby precluding coram nobis relief. *See Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir.), *cert. denied*, 94 S.Ct. 89 (1973) (federal prisoner could not use coram nobis proceeding to attack validity of prior sentence used to enhance sentence for which he was in custody). Second, a federal prisoner may challenge his conviction and sentence only in a section 2255 motion. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001).[1]

---

[1] The court notes that petitioner recently filed a motion in the underlying criminal case asking the court to appoint a lawyer to help him file a section 2255 motion. That request is pending before the district judge.

## **RECOMMENDATION**

Petitioner's application for a writ of coram nobis should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 14, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE